IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JEFFERY JAMAR HERBERT, | ) | |
| AIS 262999, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-109-ECM-KFP |
| | ) | [WO] |
| LAQUANDA HARRIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.   INTRODUCTION

In this pro se 42 U.S.C. § 1983 action, Plaintiff Jeffery Herbert sues Laquanda Harris, a business office employee at the Bullock Correctional Facility, and Olivia Hicks, a mail clerk at the facility, alleging they failed to deposit money to his inmate account from a government stimulus check. For relief, Herbert requests that the Court investigate the matters alleged in his Complaint, restore to his inmate account the money he never received, initiate criminal charges against Defendants, and award him $1 million in punitive damages for his pain and suffering. Doc.1 at 2–4. After review of the Complaint, the undersigned RECOMMENDS that this case be DISMISSED.

## II.   STANDARD OF REVIEW

Because Herbert was granted leave to proceed in forma pauperis (Doc. 3), his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss the complaint or any portion of the complaint if it is frivolous or malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from monetary relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). To state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.   FACTUAL ALLEGATIONS

In September or October of 2021, Herbert signed for a $14.00 government stimulus check in the presence of Defendant Hicks. Herbert states that former Commissioner Jeff Dunn required all incoming checks to inmates be held for 60 days "for restitution/court costs/child support, etc." More than 60 days have passed since he received his stimulus check, but Herbert never received any money and concludes that Defendants took the money for personal gain.[1] Doc. 1 at 2–3.

---

[1] Herbert states he reported the missing funds to a captain and warden at the Bullock Correctional Facility, but they failed to investigate. Doc. 1 at 3. Herbert does not name the captain or warden as defendants in this case, but, even if he did, this allegation would not entitle him to relief because "inmates do not enjoy a constitutional right to an investigation of any kind by government officials." *Banks v. Annucci*, 48 F.Supp.3d 394, 414 (N.D. N.Y. 2014); *see also DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) (explaining that "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual"). While Herbert claims the warden oversees the institution and is in charge of the facility and its employees, a § 1983 action will not support a claim under a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (finding the doctrine of respondeat superior inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (holding that a § 1983 does not allow a plaintiff to hold supervisory officials liable for actions of subordinates under a theory of respondeat superior or vicarious liability).

## IV.    DISCUSSION

### A.    The Property Claim

Herbert maintains that, despite receiving a government stimulus check, he has never received those funds and states Defendants Hicks and Harris took the money for their personal use. Doc. 1 at 3. Although Herbert does not identify the constitutional basis for this claim, the right implicated by the deprivation of property is the denial of due process of law as provided by the Fourteenth Amendment. *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). However, an allegation that a government employee engaged in the unauthorized, intentional deprivation of property fails to state a claim for violation of the procedural due process requirements of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available through an adequate state tort remedy. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986) (finding no unconstitutional deprivation of property in the case of negligent or intentional loss).

Herbert's remedy, if any, lies within the Alabama Code and the courts of Alabama. Alabama Code § 41-9-60 (1975) provides for the State Board of Adjustment to consider claims against the State of Alabama or its agents by filing a claim with the State Board of Adjustment. *Smith v. Governor of Ala.*, 562 F. App'x 806, 817-18 (11th Cir. 2014) (holding that the Alabama Board of Adjustments, pursuant to Ala. Code § 41-9-60, et seq., provides a meaningful post-deprivation remedy through which a state inmate may seek relief for the loss or denial of property even though a recovery may not be the equivalent of a § 1983 action). The purpose of Ala. Code § 41-9-60 is to provide "a method of payment by the

3

State of Alabama or any of its agencies, commissions, boards, institutions or departments to persons for injuries . . . occasioned by the State of Alabama or any of its agencies. . . ." Where a meaningful post-deprivation remedy for the challenged loss is available to a plaintiff, the state action is not complete "until and unless it provides or refuses to provide a suitable post-deprivation remedy." *Id.; see also McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (holding that "only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise").

The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Herbert to seek redress for the alleged improper deprivation of his property. *See* Ala. Code § 41-9-60, *Smith*, 562 F. App'x at 817–18. Because those persons responsible for the deprivation of Herbert's funds are employees of the State of Alabama, available post-deprivation remedies exist under the state statute. If the Board of Adjustment denies Herbert's claim, he may bring an action for compensation in the Alabama state courts. These post-deprivation remedies available to Herbert under Alabama law are sufficient to satisfy due process. *Hudson*, 468 U.S. at 534–35; *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) (explaining that "as long as some adequate post-deprivation remedy is available, no due process violation has occurred"); *Browning v. City of Wedowee, Ala.*, 883 F. Supp. 618, 623 (M.D. Ala. 1995) (finding "an aggrieved person may file a claim with the state Board of Adjustment to recover damages to property").

Because of the adequate post-deprivation remedies available to Herbert through the Board of Adjustment or the Alabama court system, the alleged deprivation of his property,

whether the result of an intentional or negligent act, does not constitute a violation of the Due Process Clause of the Fourteenth Amendment. Therefore, this claim is due to be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    Request for Relief

Herbert's request that criminal charges be filed against Defendants Hicks and Harris for violating his federal rights cannot be granted in this action. Doc. 1 at 4. Under the U.S. Constitution, the Executive Branch of the federal government—not the Judicial Branch— is responsible for conducting criminal investigations and, if warranted, initiating criminal charges. The Constitution precludes the federal courts from interfering in these responsibilities of the Executive Branch. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) (explaining that "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *United States v. Smith*, 231 F.3d 800, 807 (11th Cir.2000) (holding that "[t]he decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced"). Additionally, a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Nelson v. Skehan*, 386 F. App'x 783, 786 (10th Cir. 2010) (holding that plaintiff has no constitutional right to have a defendant prosecuted).

## V.    CONCLUSION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's 42 U.S.C. § 1983 Complaint be DISMISSED without prejudice before service under 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, it is ORDERED that by **August 22, 2022**, Plaintiff may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 8th day of August, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE